UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FELIPE GONZALEZ,

        Petitioner,

v.                                                          Case Number 06-13479-BC
                                                           Honorable Thomas L. Ludington

JAN E. TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER
## GRANTING RESPONDENT'S MOTION TO TRANSFER
## CASE TO THE UNITED STATES COURT OF APPEALS
## PURSUANT TO 28 U.S.C. § 2244(B)(3)(A)

Petitioner Felipe Gonzalez, presently confined at Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has been convicted in state court of delivering more than 650 grams of cocaine and sentenced to life imprisonment. He alleges that he is illegally incarcerated and that his state court judgment is a nullity because the Branch County Circuit Court never acquired subject matter jurisdiction in his criminal case. Respondent Jan Trombley has moved to transfer Petitioner's case to the United States Court of Appeals as a second or successive habeas petition. Because the Court agrees that the pending habeas petition is Petitioner's second petition challenging his cocaine conviction, Respondent's motion will be granted, and the habeas petition will be transferred to the Court of Appeals.

I.

In 1998, Petitioner was convicted of delivering more than 650 grams of cocaine in violation of MICH. COMP. LAWS § 333.7401(2)(a)(i). The trial court sentenced Petitioner to life imprisonment

for the crime, and the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished *per curiam* opinion. *See People v. Gonzalez*, No. 218898, 2000 WL 33418404 (Mich. Ct. App. June 20, 2000). On January 30, 2001, the Michigan Supreme Court denied leave to appeal. *See People v. Gonzalez*, 622 N.W.2d 791 (Mich. 2001).

In January of 2002, Petitioner filed a habeas corpus petition, which challenged his 1998 conviction for delivery of more than 650 grams of cocaine. The grounds for relief were (1) prosecutorial misconduct, (2) entrapment, (3) denial of the presumption of innocence, and (4-5) ineffective assistance of trial court. United States District Judge Lawrence P. Zatkoff denied the habeas petition on the merits. *See Gonzalez v. Bock*, No. 02-CV-70108-DT (E.D. Mich. Jan. 17, 2003).

Petitioner did not appeal Judge Zatkoff's opinion, but he did seek permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive habeas petition in the District Court. He sought to raise the same five claims that he presented to Judge Zatkoff and two new claims alleging ineffective assistance of appellate counsel. On December 17, 2003, the Court of Appeals denied Petitioner's motion for an order authorizing the District Court to consider a second or successive habeas petition. *See In re Gonzalez*, No. 03-1963 (6th Cir. Dec. 17, 2003). The Court of Appeals stated that Petitioner was barred by 28 U.S.C. § 2244(b)(1) from raising the claims that he presented in his first habeas petition and that his new claims did not fall within either exception set forth in 28 U.S.C. § 2244(b)(2).

Petitioner filed the pending habeas corpus petition on August 2, 2006. As noted, it challenges the trial court's jurisdiction in his state criminal case.

II.

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a second or successive petition for habeas corpus relief is filed in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Here, Petitioner neither sought nor received authorization from the Court of Appeals to proceed in the District Court with his jurisdictional claim. His failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claim. *Burton v. Stewart*, __ U.S. __, __, 127 S. Ct. 792, 794 (2007) (*per curiam*).

Accordingly, it is **ORDERED** that Respondent's motion to transfer [dkt. #8] is **GRANTED**. The Clerk of Court is **ORDERED** to transfer Petitioner's case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 7, 2007

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS